ON MOTION FOR REHEARING
JOANOS, Judge.
On March 6, 1991, this court affirmed, without opinion, an order of the judge of compensation claims dismissing appellant Beckett’s claim for benefits based on an occupational disease following chemical exposure. At the February 19, 1991 oral argument of the case, appellee Grumman Aircraft cited for the first time in support of its position the court’s then-recent opinion in Wiley v. Southeast Erectors, Inc., 573 So.2d 946 (Fla. 1st DCA 1991). Because Grumman had not informed Beckett's counsel of its intent to cite Wiley, the court orally extended permission to counsel, if desired, to file a written response to Grumman’s argument; no specific time for the filing of the response was established.
As noted above, the case was heard on February 19, 1991. More than two weeks later, having received no written response from appellant Beckett to the Wiley opinion, the court issued its decision on March 6, 1991. On March 20, 1991, two weeks after the decision was issued, appellant Beckett filed the instant motion, attaching his response to Wiley. Counsel notes in this motion that the court did not set a time limit for the written response, and implies that he was not permitted a “reasonable time” to file it before the opinion was issued.
First of all, we cannot agree that two weeks after oral argument did not allow counsel a “reasonable time” in which to file the response. Wiley was issued on January 15, 1991, more than one month prior to the February 19, 1991 oral argument herein. The case dealt directly with the issues presented by this case, and therefore probably should have been discovered and analyzed by counsel in the normal course of preparation for oral argument, thereby obviating the need for the response permitted by the court. We believe that, under these circumstances, two weeks was more than sufficient for the preparation and filing of any desired response.
However, because no specific time limit was established when the court issued its verbal order permitting appellant’s response, we have considered the response as part of the motion for rehearing. Having done so, we find, that Wiley is factually distinguishable from the instant case, and that the legal standards for compensability in chemical exposure cases established therein support the affirmance previously entered by this court.
The motion for rehearing is therefore denied.
BOOTH and SMITH, JJ., concur.